WOODS *v.* MILFORD F. C. SAVINGS INSTITUTION.

A depositary of money, who, having been charged as trustee therefor in a suit against the depositor's guardian for the depositor's board, has been compelled by legal process to pay the money in satisfaction of the judgment rendered in that suit, is not liable for the same money to the depositor after the guardianship is revoked.

ASSUMPSIT, against a savings bank for the plaintiff's deposit, which the bank had been compelled by legal process to pay in satisfaction of judgments rendered in suits (for the plaintiff's board) in which the plaintiff's guardian was defendant and the bank was trustee. The guardianship being now revoked, the plaintiff brings this action, and claims that he had no notice of those suits, and that the bank should not have been charged for his money as trustee of his guardian. The facts were found by a referee.

*Bailey & Cutter*, for the plaintiff, cited *Forster* v. *Fuller*, 6 Mass. 58; *Jones* v. *Brewer*, 1 Pick. 314; *Tenney* v. *Evans*, 14 N. H. 343; ˄1 Parsons Con. 116; *Tobin* v. *Addison*, 2 Strob. 3; *Raymond* v. *Sawyer*, 37 Me. 406; *Thacher* v. *Dinsmore*, 5 Mass. 301; *Morris* v. *Garrison*, 27 Pa. 226; *Stevenson* v. *Bruce*, 10 Ind. 397.

*Wadleigh & Wallace*, for the defendants.

DOE, C. J. The plaintiff, by his guardian, had notice of the trustee suits. The judgments have not been reversed or vacated; the property has not been restored to the defendants, and the defendants are in no fault. If the defendants should not have been charged as trustee, they are not, on that account, liable for property which the law has taken from them and appropriated to the payment of the plaintiff's board, in suits against the plaintiff's guardian.

*Judgment for the defendants.*

BINGHAM, J., did not sit.